# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDENCIO VERDIN-GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL COPENHAVER,<br><br>    Respondent. | Case No.  1:14-cv-01437-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Doc. No. 1) |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    In the petition filed on September 15, 2004, Petitioner challenges his 2006 conviction sustained in United States District Court for the District of Kansas, and subsequent sentence, for multiple crimes relating to his leadership of a large marijuana and methamphetamine trafficking conspiracy located in and around Kansas City, Kansas.  (Pet., ECF No. 1).  Petitioner admits that he has previously sought habeas relief with respect to this conviction pursuant to 28 U.S.C. § 2255 in the District of Kansas in 2009.  (Pet. at 4).  Petitioner maintains that, subsequent to his conviction, the United States Supreme Court case of Rosemond v. United States, ––– U.S. ––––, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014), altered the requirement for aiding and abetting, and that, as a result, petitioner's conviction should be overturned.  (Pet. at 6-8).

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

Petitioner's allegation that the March 2014 decision by the United States Supreme Court in Rosemond v. United States should result in the setting aside of his conviction because the jury instructions in his trial did not comply with the reasoning of Rosemond is clearly a direct challenge to Petitioner's conviction, not to the execution of his sentence. Indeed, Petitioner

concedes as much in his Petition.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted). Therefore, the proper vehicle for challenging a conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.

Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as amended), cert. denied, 540 U.S. 1051 (2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (holding that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956).

The Ninth Circuit has acknowledged that petitioners may proceed under Section 2241 pursuant to the "savings clause," because Section 2255 is inadequate, when the petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1059-60 (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)); see also Stephens, 464 F.3d at 898. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.

Ivy, 328 F.3d at 1060. The burden is on the petitioner to show that the remedy is inadequate or

1 ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

2 Petitioner has failed to demonstrate that his claims qualify under the "savings clause" of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 "savings clause" is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

11 The standards announced by the various circuit courts for an "actual innocence" claim contain two basic features: actual innocence and retroactivity. E.g., Reyes–Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

16 Petitioner's only argument in support of his innocence claim is the holding in Rosemond. In Rosemond, the Supreme Court held that conviction on a charge of aiding and abetting a § 924(c) violation requires proof of advance knowledge that a co-defendant would use or carry a gun. Rosemond, 134 S.Ct. at 1249–50. Petitioner argues that Rosemond applies to the broader issue of the requisite mental state to support a conviction for aiding and abetting in general. However, Rosemond is not relevant to the issue of whether Petitioner is actually innocent of aiding and abetting, but rather to whether he is legally innocent of that charge. Nevertheless, because Rosemond is presently inapplicable to cases that are on collateral review, such as the present case, Petitioner is unable to avail himself of the "savings clause."

25 Instead, Rosemond was decided on direct review, so the Supreme Court had no occasion to address an actual innocence claim and, instead, decided the underlying instructional error at the heart of the holding of Rosemond. Rosemond, 134 S.Ct. at 1252. Moreover, there is no indication in the decision by the Supreme Court that the rule declared therein regarding the

mental state required to aid and abet a § 924(c) offense would apply retroactively on collateral appeal. Reyes–Requena, 243 F.3d at 903. For this reason alone, Petitioner is not entitled to avail himself of the "savings clause."

Motions pursuant to § 2255 must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-65. Because this Court is only the custodial court and construes the Petition as a §2255 motion, this Court lacks jurisdiction over the Petition. Hernandez, 204 F.3d at 864-65. In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE; and
2. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated: **October 23, 2014**

UNITED STATES MAGISTRATE JUDGE